10-4890-cr
United States v. Boyle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand eleven.

PRESENT:　GUIDO CALABRESI,
　　　　　　 REENA RAGGI,
　　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　　　*Appellee*,

　　　　　v.　　　　　　　　　　　　　　　　　No. 10-4890-cr

EDMUND BOYLE,
　　　　　　　　　*Defendant-Appellant*,

LETTERIO DECARLO, THOMAS DONO,
　　　　　　　　　*Defendants.*[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　DIARMUID WHITE, White & White, New York, New York.

APPEARING FOR APPELLEE:　　JOHN T. ZACH (Iris Lan, *on the brief*), Assistant United States Attorneys, *on behalf of* Preet

---

[*] The Clerk of Court is directed to amend the caption as shown above.

1

Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 17, 2010, is AFFIRMED.

Defendant Edmund Boyle appeals from a conviction entered after a jury trial at which he was found guilty of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) ("RICO"). Boyle's only argument on appeal is that the district court erred in denying his Fed. R. Crim. P. 33 motion for a new trial on the ground of double jeopardy in light of a prior RICO conspiracy conviction in the Eastern District of New York. See Boyle v. United States, 556 U.S. 938, 129 S. Ct. 2237, 2242 (2009) (upholding conviction). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We ordinarily review a Rule 33 decision for abuse of discretion, accepting the district court's factual findings unless they are clearly erroneous. See United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009). To the extent Boyle submits that the district court abused its discretion by misapplying the law regarding double jeopardy, however, our standard of review is de novo. See United States v. Olmeda, 461 F.3d 271, 278 (2d Cir. 2006). Because the government does not argue otherwise, we assume for purposes of this appeal that the same burden-shifting framework that applies when a defendant raises a pre-trial double

2

jeopardy challenge to an indictment also applies after trial. See United States v. Basciano, 599 F.3d 184, 197 (2d Cir. 2010) (reviewing ruling on motion to dismiss indictment); but see United States v. Dortch, 5 F.3d 1056, 1061 (7th Cir. 1993) ("[A]t the post-trial stage the defendant alone bears the burden of proving that he or she has been charged with the same offense twice."). The government does not dispute that Boyle made a colorable showing of a double jeopardy violation, thus shifting the burden of proving Fifth Amendment compliance to the government. See United States v. Basciano, 599 F.3d at 200.

Successive prosecutions violate the Double Jeopardy Clause only where the offenses that are the subject of both prosecutions "are the same in fact and in law." United States v. Basciano, 599 F.3d at 196 (internal quotation marks omitted). When a defendant is prosecuted twice for RICO violations, there is no double jeopardy problem unless the racketeering enterprise and the pattern of racketeering elements are the same in both prosecutions. See United States v. Russotti, 717 F.2d 27, 33 (2d Cir. 1983); accord United States v. Basciano, 599 F.3d at 200. This is because "it is neither the enterprise standing alone nor the pattern of racketeering activity by itself which RICO criminalizes, but rather, the combination of these two elements." United States v. Pizzonia, 577 F.3d 455, 463 (2d Cir. 2009) (internal quotation marks and alterations omitted).[1]

---

[1] We recently held that where, as here, a defendant is charged with racketeering conspiracy, see 18 U.S.C. § 1962(d), rather than with substantive racketeering, see id. § 1962(c), the government need not prove that the enterprise was in fact established, but rather only that there was an agreement to form the enterprise. See United States v. Applins, 637 F.3d 59, 75 (2d Cir. 2011). This makes no difference here.

Boyle argues that the enterprise and the pattern of activity proved by the government in this case were the same as those proved at the Eastern District trial. We disagree, largely for the reasons stated in the district court's opinion. See United States v. Boyle, No. 08-CR-523 (CM), 2010 WL 4457240, at *1 (S.D.N.Y. Oct. 27, 2010).

1.    Enterprise

Like the district court, we conclude that the enterprise charged in this case, the Gambino Crime Family, is not the same as the enterprise charged in the prior case, the "Boyle Crew." At the Eastern District trial, the jury did not find, nor did the government argue or the record evidence establish, that the Boyle Crew was "merely a lower level of authority within the hierarchy" of the Gambino Crime Family. United States v. Langella, 804 F.2d 185, 189 (2d Cir. 1986). Rather, the government presented the Boyle Crew as an informal association of individuals, many associated with various organized crime families, which first came together in the 1990s to rob banks. By contrast, in this case, the government assumed the burden of proving the existence of a notorious and highly structured organized crime enterprise with an existence dating to the 1960s. See United States v. Caracappa, 614 F.3d 30, 35–36 (2d Cir. 2010); United States v. Fatico, 458 F. Supp. 388, 391–94 (E.D.N.Y. 1978) (Weinstein, *J.*), aff'd, 603 F.2d 1053 (2d Cir. 1979). Its purposes included but reached beyond money-making and were achieved by a wide range of crimes: murder, assault, obstruction of justice, witness tampering, extortion, and theft.

Boyle notes that some Boyle Crew members, himself included, were associated with and obligated to the Gambino Family. Nevertheless, other crew members had relationships

4

with different organized crime families, including the Colombo Family. In these circumstances, any overlap between the two enterprises does not compel a conclusion that the Boyle Crew was subject to oversight by the Gambino Family or not self-sufficient. See United States v. Langella, 804 F.2d at 189; accord United States v. Calabrese, 490 F.3d 575, 578–79 (7th Cir. 2007). We conclude that a reasonable person familiar with the totality of the facts and circumstances would view the two prosecutions as involving different enterprises. See United States v. Basciano, 599 F.3d at 197.

2.     Pattern

Boyle's assertion of common patterns of racketeering activity is similarly meritless. We review this claim by reference to five factors:

> (1) [T]he time of the various activities charged as parts of separate patterns; (2) the identity of the persons involved in the activities under each charge; (3) the statutory offenses charged as racketeering activities in each charge; (4) the nature and scope of the activity the government seeks to punish under each charge; and (5) the places where the corrupt activity took place under each charge.

United States v. Russotti, 717 F.2d at 33. The first, second, third, and fifth factors all tip in the government's favor.[2] Boyle focuses mainly on the fourth factor: the nature and scope of activities the government seeks to punish. See United States v. Basciano, 599 F.3d at 201 (identifying fourth factor as most important).

---

[2] The acts alleged in the Eastern District case ended in 1999, whereas those alleged here continued until 2003. The participants alleged here include several persons not connected to the Boyle Crew. Twelve of the thirteen statutory offenses charged here were not charged in the Eastern District case. Finally, the acts alleged in the prior trial occurred nationwide, while those alleged here occurred only in New York and Massachusetts.

The scope of the activities charged in this case undisputedly reached far beyond the bank crimes that defined the pattern in the Eastern District case to include obstruction of justice, extortion, loan sharking, gambling, auto theft, and murder.[3] Boyle nevertheless argues that the Boyle Crew pattern of bank crimes is wholly contained within the larger pattern of crimes at issue here. We have warned of the potential for abuse when the government first pursues a broad pattern of racketeering activity from which it subsequently attempts to carve out a narrower pattern. See United States v. Basciano, 599 F.3d at 203 (noting that "charged pattern establishes the 'unit of prosecution' that will determine the 'scope of protection' for double jeopardy purposes" and that where government first prosecutes broad pattern, that "provides the broadest shield against a successive racketeering prosecution"). We need not here decide whether the same or other concerns apply when the order is reversed, for in any event, the narrower pattern of criminal activity proved at Boyle's first trial is not wholly contained within the pattern proved in this case. We conclude that a reasonable person familiar with the totality of facts and circumstances would view the patterns of racketeering activity in the two prosecutions as distinct. See United States v. Basciano, 599 F.3d at 197.

---

[3] Boyle points out that the presentence report in his Eastern District prosecution included statements about Boyle's possible involvement in a murder, but he does not explain how this should influence our double jeopardy analysis. Our review of the Eastern District sentencing record reveals nothing to indicate that Boyle might have been punished before, even in part, for any murder. Moreover, Boyle cannot seriously argue that he has already been punished for the obstruction of justice, extortion, loan sharking, gambling, and auto theft activities at issue here.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court